IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD A. BOULDEN,

    Petitioner,

v.                                                             CIV 09-0770 BB/KBM

JAMES JANECKA, Warden, et al.,

    Respondents.

# ORDER DENYING MOTION
# &
# TAKING MATTER UNDER ADVISEMENT

    This matter is before the Court on Petitioner's motion for "contempt" and Respondents' response to the motion. *See Docs. 21, 22.* I find no reply is necessary before ruling.

    Respondents were required to file state court records. *See Doc. 17.* They did so, and served Petitioner with a notice of the filing, but did not send him the underlying materials. *See Doc. 21* at 1; *Doc. 22* at 3-5. Petitioner asks for the underlying materials and for the means to listen to the CD's and tapes. *See Doc. 21* at 1-2. However, there is no basis to order their production.

    A habeas petitioner does not have an unqualified constitutional right to free state materials much less the equipment to review them. Under certain circumstances, a court may order that transcripts be furnished to prepare a habeas petition, but that is not the case here. Petitioner has already prepared his habeas petition and, even while acknowledging that a "traverse" is not mandatory under the habeas rules, nonetheless filed a lengthy one responding to Respondents'

Answer.  *See Doc. 13* at 1.[1]  As the Tenth Circuit has explained in a case where a state habeas petition was denied and the petitioner claimed he needed access to the trial transcript to make his claims:

> On direct appeal, a trial transcript is an absolute matter of right for an indigent criminal defendant. . . .  However, a § 2255 petitioner seeking collateral relief must demonstrate that his claim is not frivolous before the court is required to provide him with a free transcript.  *See United States v. MacCollom,* 426 U.S. 317 (1976) (Plurality) (interpreting 28 U.S.C. § 753(f)).  Although the *MacCollom* Court dealt with a § 2255 federal petition, we think its reasoning is applicable to Petitioner's § 2254 action as well. . . .  The *MacCollom* Court expressly cited circuit court opinions which held that indigent petitioners seeking collateral relief did not have unlimited access to trial transcripts. . . .  In one of those cases, *Hines v. Barker,* 422 F.2d 1002 (10th Cir.1970), we held that an indigent § 2254 petitioner does not have a constitutional right to access a free transcript in order to search for error.  *Id.* at 1006-07 . . .
>
> Petitioner has not colored his ineffective assistance claims with any factual allegations.  He merely states that his counsel was ineffective and that he needs a transcript to prove it.  Such "naked allegations" are not cognizable under § 2254, and we are not compelled to allow Petitioner to conduct a search for error.  *See MacCollom,* 426 U.S. at 326-27.

*Ruark v. Gunter,* 958 F.2d 318, 319 (10th Cir.1992); *see also, e.g., Harmon v. Hightower,* 149 Fed. App'x 742, 744, n.1 (10th Cir. 2005) (a § 2254 petitioner "must establish that his claim is not frivolous before a court is required to provide him a free transcript.  Through his unsubstantiated allegations of record tampering and omission, Mr. Harmon has failed to meet this burden.  We further note that the magistrate judge and district court had the benefit of reviewing the entire record

---

[1] *See also* Rule 5(c), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("The petitioner may submit a reply to the respondent's answer or other pleading within a time fixed by the judge."); *id.* (Commentary o 1976 adoption: "Rule 5 (and the general procedure set up by this entire set of rules) does not contemplate a traverse to the answer, except under special circumstances."); *id.* (Commentary to 2004 amendments: "revised Rule 5(e) adopts the practice in some jurisdictions of giving the petitioner an opportunity to file a reply to the respondent's answer.  Rather than using terms such as "traverse" . . . to identify the petitioner's response to the answer, the rule uses the more general term "reply").

of Mr. Harmon's trial in evaluating his claims.").

Nor do the habeas rules require the State to furnish these materials to Petitioner.  It is true that the Court used the word "expand" to require further materials from the State, but that was in an abundance of caution so that all relevant materials would be provided.  What the Court described and the State furnished were the sorts of materials the State could routinely furnish along with its Answer without further order of the Court.  Notwithstanding habeas Rule 5's use of the term "transcript," the language of the rule and the commentary to it makes plain that any portion of the state trial and appellate records necessary for a decision can (and probably should for efficiency's sake) be furnished with the Answer.[2]  The "Record Proper" that the State furnished is not the sort of materials contemplated by habeas Rule 7 that require the Court to "give the party against whom the additional materials are offered an opportunity to admit or deny their correctness."  Rule 7(c), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.  As the commentary citation to *Raines v. United States*, 423 F.2d 526, 529-30 (4th Cir. 1970) indicates, Rule 7 materials are those beyond the state "pleadings and the files and records" such as "letters, documentary evidence, and, in an appropriate case, even affidavits" that could permit a court to fully decide a matter yet "avoid the necessity for an expensive and time consuming evidentiary hearing."

No other materials are necessary at this juncture for the Court's review of Petitioner's claims, and the matter will be taken under submission.  Consistent with my obligations to all of the matters on my docket, I will review the matter and issue my proposed findings in due course and expect

---

[2] *See* Rule 5(b)- (d), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("The answer must address the allegations in the petition. . . . The answer must also indicate what transcripts *(of pretrial, trial, sentencing, or post- conviction proceedings)* are available . . . any brief . . . the opinions") (emphasis added);  *id.* (Commentary, 2004 amendments – " These provisions are intended to ensure that the court is provided with additional information that may assist it in resolving the issues raised, or not raised, in the petition.").

Petitioner to be patient during that time.

Wherefore,

**IT IS HEREBY ORDERED** that Petitioner's motion *(Doc. 21)* is DENIED, and this matter is TAKEN UNDER ADVISEMENT.

_____
UNITED STATES MAGISTRATE JUDGE